UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY L. LILLY,
   Plaintiff,

vs.                                No. 05-1383

WILL SMITH, et. al.,
   Defendants

ORDER

     This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 against five defendants at the Peoria County Jail including: Officers Will Smith, Hauk and Widger and Sergeants Cox and Jones. The plaintiff alleges that the defendants violated his Eighth Amendment rights.

     Specifically, the plaintiff says on December 18, 2003, the defendants beat the plaintiff about the head and body causing him injuries. The plaintiff says he was then strapped to a chair and left in the chair from 10:00 p.m. until 7:00 a.m. the next day. The plaintiff has clearly stated that the defendants violated his Eight Amendment rights when they used excessive force, failed to protect the plaintiff from the assault and subjected him to cruel and unusual punishment.

     The court notes that while the Eighth Amendment protects prisoners from deliberate indifference to a serious injury or medical need, and the Due Process Clause of the Fourteenth Amendment extends that right to pre-trial detainees. Estelle v. Gamble, 429 U.S. 97 (1976); Palmer v. Marion County, 327 F.3d 588, 592 (7th Cir. 2003). It is unclear at this point whether the plaintiff was a pretrial detainee at the time of the allegations or whether he was serving a jail sentence. The parties will need to clarify this point during the proceedings.

     The plaintiff's complaint also states that the defendants violated his Fifth Amendment rights. However, the plaintiff has not articulated a violation of his Fifth Amendment rights in his complaint. The court will therefore dismiss any violation of the Fifth Amendment for failure to state a claim upon which relief can be granted.

1

Lastly, the court notes that the pro se plaintiff has not stated whether he intended to sue the defendants in their official or individual capacities. For clarification of the record, the court find that the plaintiff has stated claims against the defendants in their individual capacities only. *See* Monell v. Department of Social Services, 436 U.S.658, 694 (1978).

**IT IS THEREFORE ORDERED that**:

**1) The court finds that the plaintiff has adequately alleged that the defendants violated his Eighth Amendment rights by the use of excessive force, the failure to protect the plaintiff from the use of excessive force and cruel and unusual punishment. The claims are against the defendants in their individual capacities only.**

**2) This case shall proceed solely on the federal claims identified in paragraph (1) above. Any claims not set forth in paragraph (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**3) The plaintiff's motion for leave to proceed in forma pauperis is granted. [d/e 1]**

**4) The Clerk shall prepare for each Defendant: 1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and 2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Case Management Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.**

**5) With respect to any former Peoria County Jail Employees, the Peoria County Jail shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.**

**6) The Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a**

true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be stricken by the court.

7) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on February 7, 2007 at 1:30 p.m. before Judge Harold A Baker, by video conferencing. The clerk is directed to issue a writ for the parties participation in the video conference..

8) The counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) The Plaintiff must immediately notify the court of any change in his mailing address and telephone number. Failure to notify the court of any change in the mailing address will result in dismissal of this lawsuit, with prejudice.

10) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form and accompanying court explanation. Upon receipt of a signed consent from Plaintiff, the Clerk is further directed to forward the consent to Defendants for consideration.

Entered this _14th___ day of November, 2006.


s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE