UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY L. LILLY,
   Plaintiff,

vs.                                       No. 05-1383

WILL SMITH, et. al.,
   Defendants

### ORDER

This cause is before the court for consideration of the defendants' motion for partial summary judgment. [d/e 27]. The plaintiff was notified that a dispositive motion was filed, but he has failed to file any response. [d/e 28]

### I. BACKGROUND

The plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983 against five defendants at the Peoria County Jail including: Officers Will Smith, Hauk and Widger and Sergeants Cox and Jones. On November 14, 2006, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had adequately alleged that the defendants had violated his Eighth constitutional rights by the use of excessive force, the failure to protect the plaintiff from the use of excessive force and cruel and unusual punishment. The claims are against the defendants in their individual capacities only.

Specifically, the plaintiff alleged that on December 18, 2003, the defendants beat him about the head and body. The defendants then strapped him to a chair and left him in the chair from 10:00 p.m. to 7:00 a.m. the next day.

The court noted that it was unclear from the complaint whether the plaintiff was a pretrial detainee at the time of the allegations in his complaint. Therefore, it was unclear whether the plaintiff was protected by the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment. *See* November 14, 2006 Court Order.

### II. FACTS

The plaintiff did not respond to the defendants' statement of facts, so the following facts are taken from the defendants' motion and exhibits.

The plaintiff was an inmate at the Peoria County Jail on December 18, 2003. On this day, the plaintiff was put in a restraint chair.

Jail Superintendent Steve Smith says there is a grievance procedure at the jail that was available to the plaintiff. If an inmate receives a response to a complaint that is not satisfactory, the plaintiff must next appeal the response to the Jail Superintendent. The grievance procedure stated that the appeals must be in writing and on an Inmate Request Form.

The plaintiff made a complaint to the Assistant Correctional Superintendent on January 5, 2004. The complaint states that the plaintiff still has no feeling in one of his hands after being strapped in the restraint chair. Rob McCoy provided an immediate response. Jail Superintendent Smith says the plaintiff did not appeal that decision.

The defendants are asking the court to grant their motion for partial summary judgment on the plaintiff's claim that he was strapped to a restraint chair.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56C. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

### IV. ANALYSIS

The defendants argue that the plaintiff has failed to exhaust his administrative remedies as required for his claim involving the restraint chair. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. §1997e(a).  *See also  Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532,  (7th Cir. 1999).

It does appear that the plaintiff failed to exhaust his administrative remedies for the inmate complaint filed on January 5, 2004.  However, the defendants are not arguing that the plaintiff failed to exhaust his administrative remedies for the alleged assault on December 18, 2003.  The plaintiff's complaint seems to allege that the assault and placement in the restraint chair occurred as part of the same incident.  Did the plaintiff file an inmate complaint concerning the assault, and if so did he make any reference to the restraint chair?  Unfortunately, the plaintiff has failed to respond to the motion for summary judgement.   Therefore, the only evidence before this court is that the plaintiff failed to exhaust his administrative remedies for his claims concerning the restraint chair.   This court must grant summary judgment on this claim.

The plaintiff's surviving claim is that the defendants violated his constitutional rights when they used excessive force on December 18, 2003 and failed to protect the plaintiff from the use of excessive force on this date.

## V. PLAINTIFF'S RESPONSE

The motion for partial summary judgement in this case was filed on January 9, 2007.  The plaintiff was immediately notified that a dispositive motion had been filed and warned that if he did not respond to the motion, the facts as asserted by the defendants would be taken as true by the court. [d/e 28].  More than four months have passed and the plaintiff has failed to provide any response to the motion.  The court is concerned that the plaintiff has lost interest in pursuing this litigation.   The plaintiff must respond to this court order in two weeks and inform the court whether he wishes to continue this litigation.  If the plaintiff does not respond, his case will be dismissed for failure to prosecute with due diligence.  *See* Fed. R.Civ. P. 41(b).

In addition, if the plaintiff believes he did exhaust his administrative remedies for all incidents on December 18, 2003, he should file a motion to reconsider this order with evidence of any inmate complaint forms attached to his motion.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for partial summary judgment is granted pursuant to Fed. R. Civ. P. 56.  [d/e 27]. The plaintiff's claim involving the use of the restraint chair is dismissed.   All of the defendants remain in the case. The plaintiff's surviving claim is that the defendants' violated his constitutional rights when they**

**used excessive force and failed to protect the plaintiff from the use of excessive force.**

**2) The plaintiff must inform the court in writing within two weeks of this order whether he still intends to pursue this litigation. If the plaintiff does not respond within this time period, his case will be dismissed for failure to prosecute with due diligence.** *See* **Fed. R.Civ. P. 41(b).**

ENTERED this 25th day of June, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE